PHILLIP L. ANDERSON
andphila@gmail.com
PO Box 327
Iona, ID 83427
208-201-0632

# UNITED STATES DISTRICT COURT DISTRICT OF IDAHO
## EASTERN DIVISION

| | |
|---|---|
| PHILLIP L. ANDERSON )<br>Plaintiff, )<br>)<br>-v- )<br>)<br>)<br>UNITED RECOVERY SYSTEMS, LP, )<br>)<br>Defendant. )<br>)<br>) | Case No._____<br><br><br><br><br>TRIAL BY JURY DEMANDED |

## ORIGINAL COMPLAINT FOR VIOLATION OF THE FCRA

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. §1681p and 28 U.S.C §1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is Phillip L. Anderson, a natural person, who resides in Bonneville County, Idaho.

4. The Defendant in this lawsuit is UNITED RECOVERY STSTEMS, LP ("UNITED") an unknown entity with offices at 5800 North Course Drive, Houston, TX 77072.

ORIGINAL COMPLAINT FOR VIOLATION OF THE FCRA

## VENUE

5. The occurrences which give rise to this action occurred in Bonneville County, Idaho and Plaintiff resides in Bonneville County, Idaho.

6. Venue is proper in the United States District Court District of Idaho Eastern Division.

## GENERAL ALLEGATIONS

7. Plaintiff obtained his consumer credit reports from the three major credit reporting agencies and found entries by entities that he was unfamiliar with in the reports.

8. Plaintiff found after examination of his Experian consumer credit report that Defendant UNITED had obtained Plaintiff's Experian consumer credit report on August 10, 2011.

9. Discovery of violations brought forth herein occurred in December 2011 and are within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

10. Plaintiff sent a Notice of Pending Lawsuit to UNITED on February 6, 2012 sent certified mail # 7010 0780 0000 8154 7451 which was received on February 10, 2012 according to USPS records. Plaintiff received no-reply.

11. Plaintiff received no reply from UNITED and so contacted Michael Strachan who indicated he was legal counsel and his response was they would rather be sued.

12. Plaintiff sent a second Notice of Pending Lawsuit to UNITED on March 9, 2012 sent certified mail # 7010 0780 0000 8154 7468 which was received on March 13, 2012 according to USPS records. Plaintiff received no-reply.

## COUNT I

## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT UNITED RECOVERY SYSTEMS, LP

13. Paragraphs 1 through 12 are re-alleged as though fully set forth herein..

14. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

15. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. §1681 a(f).

16. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681 a(d).

17. The FCRA, §1681b defines the permissible purposes for which a person may obtain a consumer credit report.

18. Such permissible purposes as defined by FCRA, §1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

19. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant UNITED.

20. At no time did Plaintiff give his consent for Defendant UNITED to acquire his consumer credit report from any credit reporting agency.

21. On August 10, 2011 Defendant UNITED obtained the Experian consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. §1681b.

22. The action of Defendant UNITED obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. §1681b and an egregious violation of Plaintiff's right to privacy.

## COUNT II

### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT UNITED RECOVERY SYSTEMS, LP

23. Paragraphs 1 through 22 are re-alleged as though fully set forth herein..

24. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

25. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. §1681 a(f).

26. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681 a(d).

27. The FCRA, §1681q defined as obtaining information under false pretenses.

28. Such violation is defined by FCRA, §1681q is generally, any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under title 18, United States Code.

29. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant UNITED.

30. At no time did Plaintiff give his consent for Defendant UNITED to acquire his consumer credit report from any credit reporting agency.

31. On August 10, 2011 Defendant UNITED obtained the Experian consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. §1681q. The action of Defendant UNITED obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. §1681q and an egregious violation of Plaintiff's right to privacy.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, UNITED RECOVERY SYSTEMS, LP for statutory damages of $2,000.00, any attorney's fees, and costs pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681q.

### TRIAL BY JURY DEMANDED

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: June 17, 2012

Respectfully Submitted,

Phillip L. Anderson
PO Box 327
Iona, Idaho 834207
208-201-0632