UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PHILLIP L. ANDERSON,<br><br>                    Plaintiff,<br><br>v.<br><br>UNITED RECOVERY SYSTEMS,<br>L.P.,<br><br>                    Defendant. | Case No. 4:12-cv-00486-LMB<br><br>**REPORT & RECOMMENDATION** |

Plaintiff's Complaint (Dkt. 2) was conditionally filed by the Clerk of Court due to his request for in forma pauperis status. (Dkt. 1) This case has been assigned to District Judge Edward J. Lodge, and referred to the undersigned for all matters.  (Dkt. 7). The Court now reviews the Complaint to determine whether it should be dismissed under 28 U.S.C. § 1915(e)(2). Having reviewed the record, and otherwise being fully informed, the Court enters the following Recommendation that Plaintiff's complaint be dismissed.

## REVIEW OF COMPLAINT

**1.     The Complaint**

In December 2011, Plaintiff obtained copies of his consumer credit reports from three major credit reporting agencies.  At that time, Plaintiff discovered that, on August 10, 2011, Defendant obtained Plaintiff's Experian consumer credit report.

Plaintiff claims that when Defendant accessed his report, it was done in violation of the Fair Credit Reporting Act ("FRCA"), 15 U.S.C. §1681.  Plaintiff claims to have no relationship with Defendant.

It appears from the Complaint that Plaintiff has attempted service on Defendant. However, the record reflects that service has not been perfected, Defendant has not appeared, and no proof of proper service is on record.

**2.     Standard**

In order for any litigant to file a civil complaint in federal court, that party must either pay the filing fee in full at the time of filing or seek in forma pauperis status.  Any complaint filed by a person seeking to proceed in forma pauperis is subject to sua sponte dismissal to the extent it contains claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

## ANALYSIS

**1.      Fair Credit Reporting Act**

The FCRA, a subchapter of the Consumer Credit Protection Act, requires

consumer reporting agencies to adopt reasonable procedures for meeting the needs of the

business community without sacrificing accuracy or confidentiality, thus operating in a

manner which is fair and equitable to the consumer. (Pub.L. 90–321, Title VI, § 602, as

added Pub.L. 91–508, Title VI, § 601, Oct. 26 1970, 84 Stat. 1128). Courts have

interpreted it as an act intended to protect consumers from having inaccurate information

circulated, *Roseman v. Retail Credit Co., Inc.,* 428 F.Supp. 643 (D.C.Pa.1977), to protect

the reputation of the consumer, *Ackerley v. Credit Bureau of Sheridan, Inc.,* 385 F.Supp.

658 (D.C.Wyo.1974).

The FCRA extends liability to businesses that request consumer reports for an

impermissible purpose. 15 U.S.C. §§ 1681b(a)(3) (A), (f). The Act enumerates the

permissible purposes for which a consumer reporting agency may furnish a consumer

report. 15 U.S.C. § 1681b(a). Specifically, the only permissible purposes for which a

consumer report may be furnished is in response to a court order or in accordance with

the written instructions of the consumer to whom it relates. 15 U.S.C. § 1681b(a)(1)-(2).

Additionally, a consumer reporting agency may furnish a report to a person if the person

intends to use the information for the following purposes: in connection with a credit

transaction, including the extension, review, or collection of a debt; for employment

purposes; in connection with the underwriting of insurance; to determine the consumer's

eligibility for a license or other government benefit; to assess risk by a potential investor,

servicer, or insurer in connection with an existing credit obligation; in connection with a business transaction initiated by the consumer or to review the consumer's account; and by executive departments and agencies. 15 U.S.C. § 1681b(a)(3).

In his Complaint, Plaintiff alleges that Defendant's request for her credit report was impermissible because he "has never had any business dealings or accounts with, made applications for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from Defendant.  Notably, Plaintiff does not mention anything about Defendant's actions in relation to collection of a debt, which appears to be the likely purpose of the report.

In order to precede any further, Plaintiff must establish that the defendant did not have a permissible purpose for requesting his credit report. *See Thomas v. U.S. Bank, N.A.,* 325 F. App'x 592, 593 (9th Cir.2009) (granting summary judgment in favor of the defendant because the plaintiff had failed to present evidence that the defendant requested the report without a permissible purpose). Accordingly, Plaintiff must allege facts that, if proven, would establish that the defendant did not have a permissible purpose for obtaining the credit report at issue. *See Pyle v. First Nat'l Collection Bureau,* No. 12–cv– 00288–AWI–SKO, 2012 WL 1413970, at *3 (E.D.Cal. Apr.23, 2012).  However, bare allegations that the defendant did not have a permissible purpose for obtaining a credit report, without more, are insufficient. *See id.* (finding the allegation that "none of the specific and strictly limited circumstances granting permissible purpose under section 1681b applied to defendant" was insufficient to state a claim under § 1681b); *Flury v. CSC Credit Servs.,* No. CV11–1 166–PHX–FJM, 2012 WL 300726, at *1 (D.Ariz. Feb.1,

**REPORT AND RECOMMENDATION - 4**

2012) (finding that the plaintiff had failed to support his FCRA claim for improperly requesting a credit report because his complaint contained "a single conclusory allegation that his credit report was 'obtained without a permissible purpose.' "); *Makreas v. The Moore law Group, A.P.C.,* No. C–11–2406 MMC, 2011 WL 3047634, at *1 (N.D.Cal. July 25, 2011) (finding that the plaintiff's allegation that the defendant lacked a permissible purpose for requesting the credit report, without more, was insufficient to state a claim). Merely reciting each of the permissible circumstances and denying that they apply is similarly inadequate. *Myers v. Winn Law Group, APC,* No. 11–cv–2372 JAM KJN PS, 2011 WL 4954215, at *2–3 (E.D.Cal. Oct.18, 2012).

Here, Plaintiff makes conclusory allegations that Defendant did not have a permissible purpose to request his credit report. Plaintiff enumerates many of the permissible circumstances under which a person may request a consumer credit report and he alleges that none of these circumstances existed when Defendant requested Plaintiff's credit report. In other words, Plaintiff's Complaint makes no more than legal conclusions, which is insufficient to maintain an action under the FCRA. *See Hal Roach Studios,* 896 F.2d at 1550; *see also Iqbal,* 556 U.S. at 678. Accrodingly, Plaintiff's Complaint (Dkt. 2) should be dismissed without prejudice.

## 2.    Amendment

It is recommended that the Court provide Plaintiff 30 days to amend his Complaint. If Plaintiff chooses to amend his complaint, he is reminded that an amended pleading must contain all allegations in a single document, and he cannot rely upon or incorporate by reference prior pleadings. D. Id. L. Civ. R. 15.1 ("Any amendment to a

**REPORT AND RECOMMENDATION - 5**

pleading, whether filed as a matter of course or upon a motion to amend, shall reproduce the entire pleading as amended").  Each different factual allegation should be presented in a separate numbered paragraph.  The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "First Amended Complaint."

If Plaintiff chooses to go forward, the Court will grant his Motion to Proceed in forma pauperis, and he will be charged $350.00 for the filing fee.  Granting Plaintiff's in forma pauperis request will allow him to pay the filing fee in increments.  However, if Plaintiff does not wish to proceed with this lawsuit, he can file a "Notice of Voluntary Dismissal" and avoid paying the $350.00 filing fee.

## APPLICATION TO PROCEED IN FORMA PAUPERIS

Pursuant to federal statute, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, Plaintiff must submit an affidavit that includes a statement of all assets he possesses and a statement that he is unable to pay the fee required. *Id.* An affidavit must state that the plaintiff, because of poverty, cannot "pay or give security for the costs" and still be able to provide himself and dependants "with necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must also "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

**REPORT AND RECOMMENDATION - 6**

Plaintiff has sworn, under penalty of perjury, that he has no current employment, no employment history, has $200 in his bank account, and owns a 1995 Subaru. (Dkt. 1). He also claims $1,305 per month in Social Security Disability payments. (Id.) Further, he states that his monthly expenses include two home mortgages, utilities, medical expenses, fuel expenses and for food, clothing and laundry at the rate of $1,535 per month. (Id.) Plaintiff does not state how he pays for those expenses. (Id.) However, because an amended pleading is required for Plaintiff to proceed with his case, at this time, the Court will deem Plaintiff's Application to Proceed in Forma Pauperis moot. Therefore, if Plaintiff files an amended pleading, he should also file a new application for in forma pauperis status.

## RECOMMENDATION

**It is hereby RECOMMEDED that**:

1.      Plaintiff's Complaint (Dkt. 2) is DISMISSED without prejudice;

2.      Plaintiff be given 30 days within which to file an amended pleading as described above.  Alternatively, Plaintiff should be allowed to file a notice of voluntary dismissal, in which case no filing fee will be assessed.  If Plaintiff does neither, the case should be dismissed without further notice;

3.      Plaintiff's Application to Proceed In Forma Pauperis (Dkt. 1) be deemed MOOT;

4.      Plaintiff's Motion to Seal in forma pauperis documents (Dkt. 5) be GRANTED; and

5.      Plaintiff's Application to Proceed In Forma Pauperis (Dkt. 1) be SEALED.



DATED: June 27, 2013

Honorable Larry M. Boyle
United States Magistrate Judge

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1, written objections to this Report and Recommendation must be filed within fourteen days, or as a result that party may waive the right to raise factual and/or legal objections in the Ninth Circuit Court of Appeals.  The parties are advised that this is a report and recommendation and not a final, appealable order, and thus no appeal can be taken from this report and recommendation.

**REPORT AND RECOMMENDATION - 8**