UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PHILLIP L. ANDERSON,<br><br>                Plaintiff,<br><br>v.<br><br>UNITED RECOVERY SYSTEMS, L.P.,<br><br>                Defendant. | Case No. 4:12-cv-00486-LMB<br><br>**REPORT AND RECOMMENDATION** |

      The Clerk of Court conditionally filed Plaintiff's Amended Complaint on August 1, 2013 (Dkt. 10), due to his forma pauperis request. (Dkt. 9). Plaintiff's complaint is subject to review by the Court to determine whether it or any of its claims are subject to summary dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court reviewed Plaintiff's original complaint in a Report and Recommendation dated June 27, 2013, and concluded that "Plaintiff must establish that the defendant did not have a permissible purpose for requesting his credit report." (Report and Recommendation, Dkt. 8). The Court further advised Plaintiff that "bare allegations that the defendant did not have a permissible purpose for obtaining a credit report, without more, are insufficient." (Id.) The District Court adopted the recommendation on August 8, 2013.

      By way of summary, Plaintiff claims that in December 2011, he obtained copies of his consumer credit reports from three major credit reporting agencies. At that time,

**REPORT AND RECOMMENDATION - 1**

Plaintiff discovered that, on August 10, 2011, Defendant United Recovery Systems obtained Plaintiff's Experian consumer credit report.

Plaintiff claims that when Defendant accessed his report, it was done in violation of the Fair Credit Reporting Act ("FRCA"), 15 U.S.C. §1681. Plaintiff claims to have no relationship with Defendant.

Plaintiff's Amended Complaint (Dkt. 10) is nearly identical to his previous complaint (Dkt. 2). In fact, there are only two differences: First, in his amended complaint, Plaintiff includes the statement that he "has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from Defendant United." (Amended Complaint, Dkt. 10, at ¶¶ 21, 31). Second, Plaintiff has attached four exhibits to his amended complaint:

1. A copy of his credit report (Exhibit A);
2. A copy of the collection letter from United Recovery (Exhibit B);
3. A demand letter to United Recovery written by Plaintiff prior to filing this lawsuit, dated February 6, 2012, (Exhibit C); and
4. A second demand letter to United Recovery written by Plaintiff prior to filing this lawsuit, dated March 9, 2012, (Exhibit D).

(Id.) Furthermore, as was the case with the original complaint, the record reflects that service has not been perfected, Defendant has not appeared, and no proof of proper service is in the Court record.

**REPORT AND RECOMMENDATION - 2**

## REVIEW OF COMPLAINT

1.  **Standard**

In order for any litigant to file a civil complaint in federal court, that party must either pay the filing fee in full at the time of filing or seek in forma pauperis status. Any complaint filed by a person seeking to proceed in forma pauperis is subject to sua sponte dismissal to the extent it contains claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

## ANALYSIS

1.  **Fair Credit Reporting Act**

The FCRA, a subchapter of the Consumer Credit Protection Act, requires consumer reporting agencies to adopt reasonable procedures for meeting the needs of the business community without sacrificing accuracy or confidentiality, thus operating in a manner which is fair and equitable to the consumer. (Pub.L. 90–321, Title VI, § 602, as added Pub.L. 91–508, Title VI, § 601, Oct. 26 1970, 84 Stat. 1128). Courts have interpreted it as an act of Congress intended to protect consumers from having inaccurate information circulated, *Roseman v. Retail Credit Co., Inc.,* 428 F.Supp. 643 (D.C.Pa.1977), to protect the reputation of the consumer, *Ackerley v. Credit Bureau of Sheridan, Inc.,* 385 F.Supp. 658 (D.C.Wyo.1974).

**REPORT AND RECOMMENDATION - 3**

The FCRA extends liability to businesses that request consumer reports for an impermissible purpose. 15 U.S.C. §§ 1681b(a)(3) (A), (f). The Act enumerates the permissible purposes for which a consumer reporting agency may furnish a consumer report. 15 U.S.C. § 1681b(a). Specifically, the only permissible purposes for which a consumer report may be furnished is in response to a court order or in accordance with the written instructions of the consumer to whom it relates. 15 U.S.C. § 1681b(a)(1)-(2). Additionally, a consumer reporting agency may furnish a report to a person if that person intends to use the information: in connection with a credit transaction, including the extension, review, or collection of a debt; for employment purposes; in connection with the underwriting of insurance; to determine the consumer's eligibility for a license or other government benefit; to assess risk by a potential investor, servicer, or insurer in connection with an existing credit obligation; in connection with a business transaction initiated by the consumer or to review the consumer's account; and by executive departments and agencies. 15 U.S.C. § 1681b(a)(3).

In his Amended Complaint, Plaintiff alleges that Defendant's request for his credit report was impermissible because he "has never had any business dealings or accounts with, made applications for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from Defendant." Notably, Plaintiff does not mention anything about Defendant's actions in relation to collection of a debt belonging to Discovery Card, which appears to be the purpose of the report according to his own pleadings. In fact, Exhibit B to the Amended Complaint clearly states that Plaintiff's "delinquent account has been referred to [United Recovery] for

**REPORT AND RECOMMENDATION - 4**

collection." (Exhibit B to Amended Complaint, Dkt. 10-1). Exhibit B further makes clear that United Recovery is attempting to collect on delinquent Discovery Card account in the amount of $4,996.55. (Id.)

Plaintiff has thus not established that the defendant collection agency did not have a permissible purpose for requesting his credit report. *See Thomas v. U.S. Bank, N.A.,* 325 F. App'x 592, 593 (9th Cir.2009) (granting summary judgment in favor of the defendant because the plaintiff had failed to present evidence that the defendant requested the report without a permissible purpose). Plaintiff's bare allegations that the defendant did not have a permissible purpose for obtaining a credit report are insufficient. *See id.* (finding the allegation that "none of the specific and strictly limited circumstances granting permissible purpose under section 1681b applied to defendant" was insufficient to state a claim under § 1681b); *Flury v. CSC Credit Servs.,* No. CV11–1 166–PHX–FJM, 2012 WL 300726, at *1 (D.Ariz. Feb.1, 2012) (finding that the plaintiff had failed to support his FCRA claim for improperly requesting a credit report because his complaint contained "a single conclusory allegation that his credit report was 'obtained without a permissible purpose.' "); *Makreas v. The Moore law Group, A.P.C.,* No. C–11–2406 MMC, 2011 WL 3047634, at *1 (N.D.Cal. July 25, 2011) (finding that the plaintiff's allegation that the defendant lacked a permissible purpose for requesting the credit report, without more, was insufficient to state a claim). Merely reciting each of the permissible circumstances and denying that they apply is inadequate. *Myers v. Winn Law Group, APC,* No. 11–cv–2372 JAM KJN PS, 2011 WL 4954215, at *2–3 (E.D.Cal. Oct.18, 2012).

**REPORT AND RECOMMENDATION - 5**

Plaintiff has once again made merely conclusory allegations that Defendant did not have a permissible purpose to request his credit report. While he enumerates many of the permissible circumstances under which a person may request a consumer credit report and alleges that none of these circumstances existed when Defendant requested Plaintiff's credit report, his amended complaint makes no more than legal conclusions, which are insufficient to maintain an action under the FCRA. *See Hal Roach Studios,* 896 F.2d at 1550; *see also Iqbal,* 556 U.S. at 678.

In addition to those deficiencies, Plaintiff has not properly served Defendant. Rule 4(h) of the Federal Rules of Civil Procedure specifically addresses the proper manner by which a corporation must be served with a Summons and Complaint, specifically, "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Fed.R.Civ.P 4(h)(1). *Pro se* litigants are not exempt from complying with the basic rules for service of process. *See American Ass'n of Naturopathic Physicians v. Hayhurst,* 227 F.3d 1104, 1108 (9th Cir.2000). Additionally, ignorance of the law is not an excuse for failure to comply with service of process rules. *Bell v. Hillman Group*, 2006 WL 2620113, *2 (D. Ariz. 2006).

Accordingly, Plaintiff's Complaint (Dkt. 10) should be dismissed.

## APPLICATION TO PROCEED IN FORMA PAUPERIS

When a litigant files a civil complaint in federal court, the filing fee must be paid in full at the time of filing, or a motion seeking *in forma pauperis* status may be filed allowing payment of the filing fee over time. In either case, the litigant must pay the full

**REPORT AND RECOMMENDATION - 6**

filing fee for having filed the complaint, "regardless of whether that person's case is eventually dismissed or is unsuccessful." *Morton v. Jorgensen*, 2013 WL5537422 (D. Idaho, 2013).

Pursuant to federal statute, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, Plaintiff must submit an affidavit that includes a statement of all assets he possesses and a statement that he is unable to pay the fee required. *Id.* An affidavit must state that the plaintiff, because of poverty, cannot "pay or give security for the costs" and still be able to provide himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must also "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

Plaintiff has sworn, under penalty of perjury, that he has no current employment, no employment history, has $200 cash, and owns a Subaru Legacy. (Dkt. 9). He also claims $1,305 per month in Social Security Disability payments. (Id.) Further, he states that his monthly expenses total $1,909 per month. (Id.) Plaintiff does not state how he pays for those expenses. (Id.)

Based upon Plaintiff's current financial condition, the Court finds it appropriate to grant his Motion to Proceed in Forma Pauperis, which allows Plaintiff to pay the filing fee over time. Accordingly, the Court recommends that Plaintiff be ordered to pay

**REPORT AND RECOMMENDATION - 7**

$25.00 monthly to the Clerk of Court on or before the last day of every month, starting in November 2013, until the balance of $350.00 is paid in full.

## RECOMMENDATION

**It is hereby RECOMMENDED that**:

1. Plaintiff's Complaint (Dkt. 10) be DISMISSED;

2. Plaintiff's Application to Proceed In Forma Pauperis (Dkt. 9) be GRANTED and Plaintiff be ordered to pay $25.00 monthly to the Clerk of Court on or before the last day of every month, starting in November 2013, until the balance of $350.00 is paid in full; and

3. The action be TERMINATED.

DATED: October 11, 2013

Honorable Larry M. Boyle
United States Magistrate Judge

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1, written objections to this Report and Recommendation must be filed within fourteen days, or as a result that party may waive the right to raise factual and/or legal objections in the Ninth Circuit Court of Appeals. The parties are advised that this is a report and recommendation and not a final, appealable order, and thus no appeal can be taken from this report and recommendation.